# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1217

_____

| | |
|---|---|
| In re: US Bancorp Litigation, also known as U.S. Bank National Association Litigation | * |
| -------------------------------- | * |
| | * |
| | * |
| James D. Koenig, on behalf of himself, and the class of similarly situated consumers; Phillippa Saunders, on behalf of herself and others similarly situated; Barbara A. Mans; Michael J. Mans, individually, and on behalf of a class of all others similarly situated; Chris Somers, individually, and on behalf of a class of all others similarly situated; Anne Bergman; Kathryn Rosebear, on their own behalf and on behalf of all others similarly situated; Jane Korn; Robert Madoff, on their own behalf and on behalf of all others similarly situated; Brent Johnson; Bill Rooney, individually, and on behalf of a class of all others similarly situated; Daniel P. Mallove; Timothy Gaillard; Cynthia Gaillard; Mary Scalise, | * |
| | * |
| Plaintiffs - Appellees, | * |
| | * |
| N. Peter Knoll, | * |
| | * |
| Intervenor Plaintiff-Appellant, | * |
| | * |

Anne Knoll,                          *
                                     *
    Intervenor Plaintiff,            *
                                     *
William J. Lorence,                  *
                                     *
    Intervenor Plaintiff - Appellant, *
                                     *
    v.                               *
                                     *
U.S. Bank National Association, ND,  *
formerly known as First Bank of South *
Dakota, N.A.; US Bancorp Insurance   *
Services, Inc.; US Bancorp, formerly *
known as First Bank Systems,         *
                                     *
    Defendants - Appellees.          *

        _____                  Appeals from the United States
                                     District Court for the
        No. 01-1242                  District of Minnesota
        _____

In re:  US Bancorp Litigation, also  *
known as U.S. Bank National          *
Association Litigation               *
----------------------------------   *
                                     *
James D. Koenig, on behalf of himself, *
and the class of similarly situated  *
consumers; Phillippa Saunders, on    *
behalf of herself and others similarly *
situated; Barbara A. Mans; Michael J. *
Mans, individually, and on behalf of a *
class of all others similarly situated; *
Chris Somers, individually, and on   *
behalf of a class of all others similarly *

-2-

situated; Anne Bergman; Kathryn Rosebear, on their own behalf and on behalf of all others similarly situated; Jane Korn; Robert Madoff, on their own behalf and on behalf of all others similarly situated; Brent Johnson; Bill Rooney, individually, and on behalf of a class of all others similarly situated; Daniel P. Mallove; Timothy Gaillard; Cynthia Gaillard; Mary Scalise,

     Plaintiffs - Appellees,

N. Peter Knoll,

     Intervenor Plaintiffs-Appellants,

Anne Knoll,

     Intervenor Plaintiff,

William J. Lorence; David R. Jansen,

     Intervenors Plaintiffs - Appellants,

     v.

U.S. Bank National Association, ND, formerly known as First Bank of South Dakota, N.A.; US Bancorp Insurance Services, Inc.; US Bancorp, formerly known as First Bank Systems,

     Defendants - Appellees.

*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*

_____

Submitted: December 7, 2001

Filed: January 15, 2002 (Corrected 1/25/02)
_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.
_____

McMILLIAN, Circuit Judge.

In these consolidated appeals, Peter Knoll, David Jansen, and William Lorence appeal from the final judgment entered in the District Court[1] for the District of Minnesota, approving a stipulated settlement agreement in a class action suit over their objections. Knoll, Jansen, and Lorence were unnamed class members who intervened after the settlement agreement had been approved. For reversal, they argue the district court judge should have disqualified himself because he had a financial interest in the litigation, the district court violated due process by giving class members only nine days to review attorneys' fee applications, and the district court erred in approving the settlement agreement and the fee award without stating its reasons on the record, and in determining the amount of the fee award. They also object to the costs award for class counsel and the incentive award for the representative plaintiffs. For the reasons discussed below, we affirm the judgment of the district court.

In June 1999, five named plaintiffs (the "class-action plaintiffs") brought the instant class action on behalf of a national class, seeking injunctive relief and damages because defendant U.S. Bank National (the "Bank") supplied confidential

_____

[1]The Honorable Jonathan G. Lebedoff, United States Magistrate Judge for the District of Minnesota, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

customer account information to unaffiliated third parties for marketing purposes. The class-action plaintiffs and the Bank entered into a stipulated settlement which provided as follows. The Bank would pay to a settlement fund $3 million, plus an amount equal to $2 million less than the amount the Bank paid in respect to a product-refund plan negotiated in a related case. (The parties reveal on appeal that the Bank paid more than $2 million in product refunds and thus this "pourover" provision did not apply.) The settlement fund would be used to pay class counsel up to $1,250,000 in fees and $40,000 in expenses; the Bank would provide funds for this purpose in the amount of 25% of the amount the Bank paid under the product-refund plan. The settlement fund also would be used to pay the class-action plaintiffs $2,000 each.

The class-action plaintiffs noted that, although over four million class members had received settlement notices, only a small fraction of the class--0.9%--had raised objections. Specifically, Knoll, Jansen, and Lorence filed written objections and testified at the settlement fairness hearing. Knoll contended the settlement should be rejected because most class members would receive no compensation, the proposed fee award was excessive and unconscionable, its plan for distributing compensation was complicated and expensive, and the maximum amount of compensation was too low. Jansen argued the attorneys' fees were incommensurate to the victims' damages. Lorence claimed he had incurred over $4,000 in costs to change his banking relationships and to close numerous accounts. (Lorence's injuries were related to a former Bank employee's theft of Lorence's private files.)

After making all of the necessary determinations regarding the certification of the class and the class representatives, the district court approved the settlement as fair, reasonable, adequate, and in the class's best interest, and rejected the objectors' comments as insufficient to call into question the settlement's fairness and adequacy. The court also found the attorneys' fees and costs award to be fair and reasonable. Knoll, Jansen, and Lorence each intervened, and then appealed.

We initially find that the intervenors have standing to challenge the settlement award. See Croyden Assocs. v. Alleco, Inc., 969 F.2d 675, 680 (8th Cir. 1992) (unnamed class members must intervene to challenge adequacy of settlement on appeal), cert. denied, 507 U.S. 908 (1993). We reject their arguments as meritless, however.

We need not revisit the intervenors' disqualification argument, as it was the subject of an earlier unsuccessful motion for limited remand filed by Knoll. In any event, the intervenors concede that they failed to raise the disqualification argument in the district court. See Alexander v. Pathfinder, Inc., 189 F.3d 735, 742 (8th Cir. 1999) (this court does not consider new arguments on appeal).

We find due process was satisfied. All objectors had an opportunity to be heard at the settlement hearing, and the intervenors raised their objections to the fee amount both at the hearing and in writing. See Goldberg v. Kelly, 397 U.S. 254, 267 (1970) (fundamental requisite of due process of law is opportunity to be heard); DeBoer v. Mellon Mortgage Co., 64 F.3d 1171, 1176 (8th Cir. 1995) (DeBoer) (due process satisfied where class members received notice of settlement proposal and were able to argue their objections to district court), cert. denied, 517 U.S. 1156 (1996).

We also find the district court adequately stated its reasons for approving the settlement agreement and the fee award by stating on the record that the agreement was fair and reasonable and by rejecting the objectors' arguments. Besides, the intervenors have not shown the record establishes that the agreement was unfair. See DeBoer, 64 F.3d at 1177 (in absence of specific findings regarding fairness of settlement, this court assumes district court did not abuse its discretion unless record establishes to contrary).

As to the fee award, class counsel explained that the requested fee would be 25% of the total settlement value if an additional $2 million pourover amount was paid into the fund, or 36% of the guaranteed $3.5 million fund amount. Because the pourover amount was not paid into the fund, the $1.25 million fee award represents approximately 36% of the settlement fund. We have approved the percentage-of-recovery methodology to evaluate attorneys' fees in a common-fund settlement such as this, see Petrovic v. Amoco Oil Co., 200 F.3d 1140, 1157 (8th Cir. 1999), and we find no abuse of discretion in the district court's awarding 36% to class counsel who obtained significant monetary relief on behalf of the class, see id. at 1156 (district court's decisions regarding attorneys' fees in class action settlement will generally be set aside only upon showing of abuse of discretion; to recover fees from common fund, attorneys must demonstrate that their services were of some benefit to fund or enhanced adversarial process).

As to the costs and incentive awards, we find the $40,000 cost award to class counsel for their out-of-pocket expenses was appropriate, see Keslar v. Bartu, 201 F.3d 1016, 1017 (8th Cir. 2000) (per curiam) (finding no abuse of discretion in $17,000 cost award when case settled for $70,000), and that the $2,000 awarded to the five representative plaintiffs also was appropriate, see Cook v. Niedert, 142 F.3d 1004, 1016 (7th Cir. 1998) (relevant factors in deciding whether incentive award to named plaintiff is warranted include actions plaintiff took to protect class's interests, degree to which class has benefitted from those actions, and amount of time and effort plaintiff expended in pursuing litigation).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.