United States Court of Appeals
For the Eighth Circuit

_____

No. 15-1629
_____

John T. Galloway, individually and on behalf of a class

*Plaintiff - Appellant*

v.

The Kansas City Landsmen, LLC, et al.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 8, 2016
Filed: August 19, 2016

_____

Before RILEY, Chief Judge, LOKEN and BENTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

John T. Galloway, on behalf of himself and a class of similarly situated consumers ("plaintiffs"), alleged that twenty-one Budget rental car businesses ("defendants") willfully violated the Fair and Accurate Credit Transactions Act ("FACTA") by issuing receipts that contained more than five digits of customers' credit card numbers. See 15 U.S.C. § 1681c(g)(1). After suit was filed, defendants

installed software to ensure their receipts complied with FACTA. The parties then mediated and agreed on a proposed class action settlement. The district court rejected the first settlement because "the compensation provided to the class is inadequate," but the court approved a revised settlement providing that plaintiffs would be offered reduced prices on car rentals and enjoining defendants to comply with FACTA. In a "clear sailing" provision, defendants agreed not to contest class counsel's request for an award of attorney's fees and costs of no more than $175,000, and a class representative incentive fee of no more than $3,000.

The settlement provided that each class member would receive a certificate worth $10 off any car rental or $30 off a rental over $150, with no holiday blackout days. Class members were given 180 days to redeem the coupons. The claims administrator reported that of the 726,210 certificates mailed, 89 were redeemed at the $10 level and 237 were redeemed at the $30 level -- a redemption rate of 0.045%. The total value of the redeemed certificates was $8,000. The parties agree that the certificates were a non-cash benefit to class members, and therefore the Coupon Settlements provisions in the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1712, apply to the award of a reasonable attorney's fee to class counsel.

After the certificate redemption period expired, plaintiffs filed an unopposed motion for an award of $147,717.75 in attorneys' fees, $5,699.01 in litigation expenses, and a $3,000 class representative incentive fee for named plaintiff Galloway. Applying § 1712(a)-(c), the district court awarded $23,137.46 in attorneys' fees and costs, and a $1,000 class representative incentive fee. Plaintiffs appeal, arguing the court committed an error of law in construing § 1712. Plaintiffs do not contend that the court abused its discretion to award a reasonable attorney's fee. See Hensley v. Eckerhart, 461 U.S. 424, 433-37 (1983); Travelers Prop. Cas. Ins. Co. of Am. v. Nat'l Union Ins. Co. of Pittsburgh, 735 F.3d 993, 1002 (8th Cir. 2013). Reviewing the interpretation of CAFA *de novo*, we conclude any error of law was

harmless and therefore affirm.  See Westerfeld v. Indep. Processing, LLC, 621 F.3d 819, 822 (8th Cir. 2010) (standard of review).[1]

## I.

When a federal court has certified a class action, "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."  Fed. R. Civ. P. 23(h).  FACTA includes that authorization, providing that the consumer in "any successful action to enforce any liability under this section [may be awarded] the costs of the action together with reasonable attorney's fees as determined by the court."  15 U.S.C. § 1681n(a)(3).

Courts use two principal methods in exercising their discretion to award reasonable attorney's fees.  Under the "lodestar" method, "the hours expended by an attorney are multiplied by a reasonable hourly rate of compensation so as to produce a fee amount which can be adjusted, up or down, to reflect the individualized characteristics of a given action."  Johnston, 83 F.3d at 244.  Under the "percentage of the benefit" method, the attorney is awarded "some fraction of the common fund" the attorney successfully gathered in the litigation, like the contingent fee arrangements common in private litigation.  Id. at 244-45.  "It is within the discretion of the district court to choose which method to apply."  Id. at 246.

_____

[1]We do not have the assistance of briefing by defendants because the awarded amounts were within the negotiated clear sailing provision.  These provisions heighten the potential for class action settlement abuse addressed in CAFA because "the separate negotiation of attorney fees presents the opportunity for the attorneys to trade relief benefitting the class for a higher fee for themselves."  Johnston v. Comerica Mortg. Corp., 83 F.3d 241, 244, 246 n.11 (8th Cir. 1996).  "Such a clause by its nature deprives the court of the advantages of the adversary process" and "should put a court on its guard, not lull it into aloofness."  Weinberger v. Great N. Nekoosa Corp., 925 F.2d 518, 525 (1st Cir. 1991).

In CAFA, Congress addressed the perceived abuse of class action settlements "in which most -- if not all -- of the monetary benefits went to the class counsel, rather than the class members those attorneys were supposed to be representing" S. Rep. No. 109–14, at 15 (2005), *as reprinted in* 2005-4 U.S.C.C.A.N. 3, 16. The Coupon Settlements provision in § 1712 addressed the inequity of "settlements under which class members receive nothing but essentially valueless coupons, while the class counsel receive substantial attorneys' fees." Id. at 30. Subsections § 1712(a)-(c) provide:

> **(a) Contingent fees in coupon settlements.** -- If a proposed settlement in a class action provides for a recovery of coupons to a class member, the portion of any attorney's fee award to class counsel that is attributable to the award of the coupons shall be based on the value to class members of the coupons that are redeemed.

> **(b) Other attorney's fee awards in coupon settlements.** --

>> **(1) In general.** -- If a proposed settlement in a class action provides for a recovery of coupons to class members, and a portion of the recovery of the coupons is not used to determine the attorney's fee to be paid to class counsel, any attorney's fee award shall be based upon the amount of time class counsel reasonably expended working on the action.

>> **(2) Court approval.** -- Any attorney's fee under this subsection shall be subject to approval by the court and shall include an appropriate attorney's fee, if any, for obtaining equitable relief, including an injunction, if applicable. Nothing in this subsection shall be construed to prohibit application of a lodestar with a multiplier method of determining attorney's fees.

> **(c) Attorney's fee awards calculated on a mixed basis in coupon settlements.** -- If a proposed settlement in a class action provides for an award of coupons to class members and also provides for equitable relief, including injunctive relief --

**(1)** that portion of the attorney's fee to be paid to class counsel that is based upon a portion of the recovery of the coupons shall be calculated in accordance with subsection (a); and

**(2)** that portion of the attorney's fee to be paid to class counsel that is not based upon a portion of the recovery of coupons shall be calculated in accordance with subsection (b).

28 U.S.C. § 1712(a)-(c). Nearly every federal court to consider § 1712 has agreed with Judge Richard Posner's observation, "This is a badly drafted statute." Redman v. RadioShack Corp., 768 F.3d 622, 633 (7th Cir. 2014), cert. denied, 135 S. Ct. 1429 (2015). In parsing its various ambiguities and inconsistencies, we believe it important to bear in mind the Senate committee's statement that "nothing in Section 1712 is intended to change current law regarding the circumstances under which an award of attorneys' fees is appropriate." S. Rep. No. 109–14, at 31.

## II.

In ruling on plaintiffs' attorney's fee request, the district court first applied § 1712(a) and determined that a reasonable fee attributable to the award of coupon certificates to class members was $2,666.67, which was 33% of $8,000, the value of the redeemed coupons. "In the Court's experience, 33% is in the middle of the range that attorneys performing contingency fee work in this market typically charge their clients when a case settles at this stage in the litigation." The court then used the lodestar method prescribed in § 1712(b) to determine that 10% of the total fee requested, or $14,771.78, was a reasonable fee for the injunctive relief provided to the class. Noting that counsel's billing records "do not differentiate between time spent obtaining injunctive relief and time spent on the coupon portion of the Settlement," the court determined that approximately 10% of class counsel's time was spent on the "routine and non-controversial" injunctive relief, that the hourly billing rates claimed by class counsel were reasonable, and that no additional adjustment to the lodestar

-5-

calculation was warranted by the twelve discretionary factors listed in <u>Allen v. Tobacco Superstore, Inc.</u>, 475 F.3d 931, 944 n.3 (8th Cir. 2007) (and before that, in <u>Hensley</u>, 461 U.S. at 430 n.3). Applying § 1712(c), the court added the two fee components together and awarded $17,438.45 as a reasonable attorney's fee, plus the costs plaintiffs requested.

On appeal, plaintiffs argue that "the plain language of 28 U.S.C. § 1712 gives class counsel the right to elect that all of its fees be calculated under the lodestar methodology" prescribed in § 1712(b).[2] The district court responded, "[t]here is simply no language here which authorizes . . . class counsel . . . to choose its method of payment calculation." We emphatically agree. "It is within the discretion of the district court to choose which method to apply." <u>Johnston</u>, 83 F.3d at 246. Class counsel can and invariably does *propose* that the court choose a certain method. But the court has discretion to accept or reject that proposal. <u>See</u> S. Rep. No. 109–14, at 30 ("In some cases, the proponents of a class settlement involving coupons . . . *may propose* that counsel fees be based upon the amount of time class counsel reasonably expended working on the action." (emphasis added)).

Section 1712(a) clearly provides that, *if* the court chooses to attribute all or a portion of the fee award to the benefit provided the class by coupons, that portion "shall be based on the value to class members of the coupons that are redeemed," not on the theoretical value of coupons that could have been redeemed. Beyond that, courts have disagreed whether § 1712(a) limits their discretion to *choose* the lodestar method to determine all or part of the fee to award for a coupon-based settlement. But no court has held that § 1712(a) usurps the discretion granted the district court in <u>Hensley</u> and in every other attorney's fee decision and gives class counsel the *right*

---

[2]This contention does not put at issue the district court's decision to reduce the class representative's incentive fee because that fee is not addressed in § 1712. Thus, that fee is not before us on appeal. <u>Cf.</u> <u>In re U.S. Bancorp Litig.</u>, 291 F.3d 1035, 1038 (8th Cir.), <u>cert. denied</u>, 537 U.S. 823 (2002).

to elect the lodestar methodology. Such a decision would be flatly contrary to the Senate committee's statement that "nothing in Section 1712 is intended to change current law regarding the circumstances under which an award of attorneys' fees is appropriate." The district court was not required to accept class counsel's election.[3]

Plaintiffs further argue the district court erred in construing § 1712(a) as mandating that any fee award attributable to the coupon portion of the settlement *must* be based solely on the value of coupons redeemed. This contention has merit, but we conclude any error was harmless.

When the district court ruled, a divided panel of the Ninth Circuit had recently held that § 1712(a) and (b) are not permissive; they provide that a district court *must* calculate attorneys' fees for coupon awards as a percentage of the redeemed value and *must* use the lodestar method to calculate fees for injunctive relief. In re HP Inkjet Printer Litig., 716 F.3d 1173, 1181-83 (9th Cir. 2013). Lacking Eighth Circuit guidance in construing this "poorly worded and confusing" statute, the district court followed the HP Inkjet majority's analysis.

Subsequently, a panel of the Seventh Circuit concluded that § 1712(a)-(c) is a permissive statute. In re Southwest Airlines Voucher Litig., 799 F.3d 701, 707 (7th Cir. 2015). Rejecting the Inkjet majority's interpretation of "attributable to," the

---

[3]A further flaw in plaintiffs' statutory argument is that the injunction they obtained by consent -- "Defendants are hereby ordered to comply with the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g), at all their currently owned locations" -- is invalid. "Blanket injunctions against general violation of a statute are repugnant to American spirit and should not lightly be either administratively sought or judicially granted." Beatty v. United States, 191 F.2d 317, 321 (8th Cir. 1951); see Swift & Co. v. United States, 196 U.S. 375, 401 (1905). Thus, no part of the settlement was properly attributable to obtaining injunctive relief. If the jurisdiction the court has retained over the settlement is ever invoked to enforce this order to comply with FACTA, the court is directed to vacate the injunction.

Seventh Circuit interpreted § 1712(a) as meaning that "*if* any portion of the fee is attributed to the coupon benefits, *then* that portion of the fee must be based on the coupons used, but that is not the only method available." Id. at 708; accord HP Inkjet, 716 F.3d at 1194 (Berzon, J., dissenting). Thus, "§ 1712 permits a district court to use the lodestar method to calculate attorney fees to compensate class counsel for the coupon relief obtained for the class," keeping in mind "the potential for abuse posed by coupon settlements." Southwest, 799 F.3d at 710. "Subsection (c) allows a combination of percentage-of-coupons-used and lodestar, but it does not require that *any* portion of the fee be based on the percentage of coupons used." Id.

We conclude that the Seventh Circuit's interpretation of § 1712 is more consistent with the substantial discretion district courts have always had to determine the reasonable attorney's fee to award to the prevailing party in a class action case, whether plaintiff receives "some relief on the merits of his claim" by a settlement agreement enforced by a consent decree, or by fully litigating the claim. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res., 532 U.S. 598, 603-04 (2001) (quotation omitted). In exercising this discretion, "the most critical factor is the degree of success obtained." Hensley, 461 U.S. at 436. The principal focus of § 1712 was to mandate more careful scrutiny of coupon settlements to ensure that the degree of success was properly evaluated. In some cases, if the actual value of redeemed coupons is high, applying a typically large percentage-of-benefit factor may produce an unreasonably high fee award. In other cases, if the value of redeemed coupons is minimal, as in this case, a fee award based on an unadjusted lodestar calculation may produce an unreasonably high award. Frequently, the court may find it useful to "double-check" the fee using both methods. See, e.g., Hashw v. Dep't Stores Nat'l Bank, --- F. Supp. 3d ----, 2016 WL 1729525 at *9 (D. Minn. Apr. 26, 2016). In all cases, we conclude, § 1712 leaves the court discretion to apply either method, with or without adjustments, or some combination of the two, subject to abuse of discretion review. We interpret the words of CAFA, like all statutes, "in

light of the purposes Congress sought to serve."  <u>Westerfeld</u>, 621 F.3d at 824 (quotation omitted).

We conclude that the district court erred by following the <u>HP Inkjet</u> mandatory approach in applying § 1712(a)-(c) without explicitly stating that the award was based on an exercise of the court's discretion to determine a reasonable attorney's fee.  But plaintiffs do not argue the award was a breach of the court's discretion, and if we remanded, it would be for an explicit exercise of that discretion, applying the principles of § 1712(a)-(c).  Our review of the record persuades us that any award greater than $17,438.45 would be unreasonable in light of class counsel's limited success in obtaining value for the class.  <u>Cf. Gumbhir v. Curators of the Univ. of Mo.</u>, 157 F.3d 1141, 1147 (8th Cir. 1998), <u>cert. denied</u>, 526 U.S. 1005 (1999).  Thus, we conclude any error was harmless.

The judgment of the district court is affirmed.

_____