# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3976

_____

In re: Life Time Fitness, Inc., Telephone Consumer Protection Act (TCPA) Litigation

------------------------------

Plaintiffs' Lead Counsel; Plaintiffs' Executive Committee

*Plaintiffs - Appellees*

Lindsey Thut

*Objector - Appellant*

v.

Life Time Fitness, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 19, 2016
Filed: February 2, 2017

_____

Before RILEY, Chief Judge, WOLLMAN and BENTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Lindsey Thut appeals from the district court's[1] order awarding class counsel $2.8 million in attorney's fees and expenses in a class-action lawsuit against Life Time Fitness, Inc.  We affirm.

In 2014, four law firms filed four separate class-action complaints against Life Time, each alleging that Life Time had violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, by sending unsolicited text-message advertisements to putative class members' cellular telephones.  The class actions were consolidated at Life Time's request and assigned to the District of Minnesota by the Judicial Panel on Multidistrict Litigation.  After informal discovery, mediation, and "lengthy, arm's length negotiations," the parties entered into a settlement agreement in February 2015, under which Life Time agreed to pay a minimum of $10 million and a maximum of $15 million to settle the TCPA claims, to cover the costs of settlement administration, and to pay attorney's fees and expenses "in the amount awarded by the [c]ourt."  The agreement provided that each class member who submitted a valid claim would be entitled to choose between a cash award of $100 or a Life Time membership award—either a three-month single membership or a $250 credit on an existing membership.[2]

The district court granted preliminary approval of the settlement agreement on March 9, 2015, conditionally certifying the class for settlement purposes, appointing class representatives and class counsel, and directing that notice be provided to the class.  Despite mediation and negotiation efforts, however, the parties were unable

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

[2]The cash and membership awards were subject to a pro rata adjustment, depending on the number of valid claims submitted.  Based on the 29,843 valid claim submissions, an upward adjustment of 60 percent was applied, which resulted in a cash award of roughly $160 and a membership credit valued at roughly $400.

to reach an agreement regarding attorney's fees and expenses. Class counsel filed an initial motion for an award of $4.2 million, submitting billing records to the district court for *in camera* review in support of the motion. Thut filed the sole objection by a class member. After the claims period closed, class counsel filed an amended motion for attorney's fees, requesting an award of $3 million, or 30 percent of the guaranteed $10 million minimum payment Life Time was required to remit under the settlement agreement. Class counsel attached declarations in support of the requested fee amount, which documented the hours and various billing rates of the individuals who had worked on the lawsuit and which resulted in a lodestar of $687,928.75.

On November 17, 2015, the district court conducted a hearing on the parties' joint motion for final approval of the settlement agreement and on class counsel's amended motion for attorney's fees and expenses. The parties and the court devoted a significant portion of the hearing to the issue of attorney's fees, discussing in detail both the methods typically used for calculating fees. On December 1, 2015, the court granted final approval of the settlement agreement. It also granted in part and denied in part class counsel's amended motion for attorney's fees and expenses, applying class counsel's requested percentage-of-the-benefit method to calculate the fee amount, rejecting Life Time's argument for application of the lodestar method, and overruling Thut's objection to the fee request. The district court found that class counsel had "expended substantial time and effort in their able prosecution" of the lawsuit, which ultimately resulted in a good-faith settlement that provided a "fair, reasonable, adequate[,] and certain result" for the class. The court awarded a total sum of $2.8 million in attorney's fees and expenses—28 percent of the minimum $10 million amount of the settlement fund—and authorized class counsel, "in their sole discretion, . . . to allocate and distribute the fees among [themselves]."

Thut argues that the fee award was excessive and that the court improperly delegated to the four class-counsel law firms the authority to allocate the award among themselves. We review a district court's award of attorney fees for abuse of

discretion. See Petrovic v. Amoco Oil Co., 200 F.3d 1140, 1156 (8th Cir. 1999) ("Decisions of the district court regarding attorney fees in a class action settlement will generally be set aside only upon a showing that the action amounted to an abuse of discretion."). In a certified class action, a district court "may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). In exercising its discretion to award attorney's fees, a district court generally applies one of two methods to determine a reasonable fee amount: the "lodestar" method, under which "the hours expended by an attorney are multiplied by a reasonable hourly rate of compensation so as to produce a fee amount which can be adjusted, up or down, to reflect the individualized characteristics of a given action," or the "percentage of the benefit" method, under which the fee amount is "equal to some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation." Johnston v. Comerica Mortg. Corp., 83 F.3d 241, 244-45 (8th Cir. 1996); see also Petrovic, 200 F.3d at 1157 (noting well-established rule that a district court may use the percentage-of-the-benefit method in a common-fund settlement case). "It is within the discretion of the district court to choose which method to apply," Johnston, 83 F.3d at 246, 247 (reiterating that "[t]he district court is free to utilize either the lodestar or the percentage of the benefit method"); see also Galloway v. Kansas City Landsmen, LLC, 833 F.3d 969, 972 (8th Cir. 2016) (same), as well as to determine the resulting amount that constitutes a reasonable award of attorney's fees in a given case, see Travelers Prop. Cas. Ins. Co. v. Nat'l Union Ins. Co., 735 F.3d 993, 1002 (8th Cir. 2013).

The district court reviewed the parties' submissions on the attorney's fee issue, heard extensive argument on the matter, and considered the fees awarded and the methods used to calculate those fees in similar cases. The court engaged in a pointed inquiry into class counsel's requested percentage-of-the-benefit fee amount and Life Time's suggested lodestar and appropriate multipliers and considered in detail argument from both parties. See Petrovic, 200 F.3d at 1157 (noting that use of

lodestar method *may be* warranted to double-check the result of the percentage-of-the-fund method). The district court also reviewed *in camera* the itemized daily time records kept by each attorney and other legal professional who participated in representing the class and ultimately accepted those records as additional evidence that class counsel "expended substantial time and effort in their prosecution of claims on behalf of" the class. Those efforts, the court found, led to an expeditious settlement of the class claims and an agreement that was "fair, reasonable, and adequate"; that achieved "substantial savings of time, money, and effort" for the court and the parties; and that "further[ed] the interests of justice." The court determined that a percentage-of-the-benefit award of $2.8 million in attorney's fees and expenses was reasonable, finding specifically that "the requested award is typical of that awarded in other class actions and TCPA settlements," that class counsel "obtained a substantial benefit for the class [and] assumed significant risk in taking on [the lawsuit] on a contingency basis," that the lawsuit "presented difficult legal questions," that class counsel "devoted significant time and effort" to the lawsuit, and that "there was only one objection," which was filed by Thut and was rejected by the court as "not well founded."

The district court's analysis was thorough, its findings were amply supported, and it did not abuse its significant discretion by electing to use the percentage-of-the-benefit method to calculate the fee award or by determining that an award of $2.8 million in attorney's fees and expenses was reasonable. See Galloway, 833 F.3d at 973 (observing that "[c]lass counsel can and invariably does *propose* that the court choose a certain" fee-calculation method, but noting that "the court has discretion to accept or reject that proposal"); Petrovic, 200 F.3d at 1157 (stating that "[i]t is well established in this circuit that a district court may use the 'percentage of the fund' methodology to evaluate attorney fees in a common-fund settlement"); see also In re U.S. Bancorp Litig., 291 F.3d 1035, 1038 (8th Cir. 2002) (concluding that district court did not abuse its discretion by applying percentage-of-the-benefit method to

award "36% of the guaranteed $3.5 million fund amount," where class counsel "obtained significant monetary relief on behalf of the class).

Likewise, the district court did not abuse its discretion by including approximately $750,000 in fund administration costs as part of the "benefit" when calculating the percentage-of-the-benefit fee amount. The Seventh Circuit has indicated that district courts should scrutinize administrative costs to determine whether they really confer a benefit on the class before including them in fee-award calculations. See Redman v. RadioShack Corp., 768 F.3d 622, 630 (7th Cir. 2014). The Ninth Circuit, however, leaves inclusion of administrative costs to the district courts' discretion, reasoning that "where the defendant pays the justifiable cost of notice to the class[,] . . . it is reasonable (although certainly not required) to include that cost in a putative common fund benefiting the plaintiffs for all purposes, including the calculation of attorneys' fees." Staton v. Boeing Co., 327 F.3d 938, 975 (9th Cir. 2003). The Ninth Circuit's approach is in keeping with the deference our court affords district courts in awarding attorney's fees. Since Thut makes no showing that the administrative costs were unjustifiable, the district court did not abuse its discretion by including them as part of the benefit.

Nor did the district court abuse its discretion by allowing class counsel themselves to determine how to allocate the total $2.8 million attorney's fee award without further judicial oversight or approval.[3] Thut argues that the court was required to monitor the allocation of the award, and she cites the Fifth Circuit's decision in In re High Sulfur Content Gasoline Products Litigation, 517 F.3d 220, 227 (5th Cir. 2008), in support of her argument. Even if High Sulfur were controlling in this Circuit, it is distinguishable, for that case involved a dispute among class counsel

_____

[3]In her opening brief, Thut argued that we should apply a *de novo* standard of review to assess this claim of error, but she has conceded in her reply brief that an abuse-of-discretion standard of review applies.

over how to allocate a fee award.  The Fifth Circuit noted a "district court's duty to scrutinize the allocation of a fee award when an attorney objects to his co-counsels' fee recommendations," and it remanded with instructions for the district court to develop the record and determine the adequacy of the proposed allocation of the fee award among class counsel.  <u>Id.</u> at 233-35 ("It is one thing for all attorneys to come to an agreement about dividing up fees, and quite another for five attorneys to declare how an award will cover themselves and seventy-four other attorneys with no meaningful judicial supervision or review.").  Here, by contrast, there is no dispute among class counsel over how to allocate the award of attorney's fees and expenses, and the district court did not abuse its discretion by leaving the matter to class counsel to resolve among themselves.

The judgment is affirmed.

_____