In the

# United States Court of Appeals
## For the Seventh Circuit

No. 25-2401

IN RE:
SERESTO FLEA AND TICK COLLAR MARKETING,
SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

*v.*

APPEAL OF:
LAURA REVOLINSKY,

*Plaintiff-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:21-cv-04447 — **John Robert Blakey**, *Judge.*

ARGUED FEBRUARY 13, 2026 — DECIDED JUNE 10, 2026

Before BRENNAN, *Chief Judge*, and HAMILTON and SCUDDER,
*Circuit Judges.*

HAMILTON, *Circuit Judge.* We affirm denial of appellant
Laura Revolinsky's motion challenging the allocation of fees
among plaintiffs' attorneys in the settlement of a multidistrict
litigation. To the extent the district court's orders might be
understood as having delegated final authority to lead

plaintiffs' counsel to distribute the total fee award among many attorneys and firms, we would have serious misgivings. The district court did not abuse its discretion, however, by enforcing its prior orders establishing procedures and requirements for seeking attorney fees and expenses.

I.   *Factual and Procedural Background*

This attorney fee appeal arises from multidistrict litigation over marketing, sales practices, and products liability regarding Seresto flea and tick collars, medical devices that allegedly injured or killed thousands of pets. Plaintiffs across the country brought class-action lawsuits against defendants Bayer Corporation, related Bayer entities, and Elanco Animal Health, Inc., which purchased Bayer's animal health division, including the Seresto product lines, in 2020. One such case was filed in the District of New Jersey by plaintiff-appellant Laura Revolinsky through her attorneys, Joseph LoPiccolo of Poulos LoPiccolo PC and Bruce Nagel of Nagel Rice, LLP. The complaint sought relief for a putative class of pet owners to be represented by Revolinsky.

Attorneys Nagel and LoPiccolo filed and briefed a motion asking the Judicial Panel on Multidistrict Litigation to assign Revolinsky's case and other similar cases in other districts to the District of New Jersey for coordinated pretrial proceedings under 28 U.S.C. § 1407. Attorney Rachel Soffin filed another brief on behalf of several other plaintiffs, also supporting MDL treatment but seeking transfer to the Western District of Missouri instead. Soffin and Randee Matloff, another Nagel Rice attorney representing Revolinsky, both appeared at the panel hearing to argue for MDL treatment and in support of their preferred transfer destinations. The panel approved MDL treatment but

transferred these and other parallel cases to the Northern District of Illinois, as defendants had proposed.

After transfer, the district court granted a motion supported by twelve of the now sixteen sets of plaintiffs to appoint Soffin and attorneys Michael Reese and Michael Williams as Class Counsel. The court also appointed attorney Carl Malmstrom to serve as Liaison Counsel between Class Counsel and the other plaintiffs' attorneys. Revolinsky had sought the appointment of two Nagel Rice attorneys as interim lead counsel, but the court denied that proposal.

At the time of the MDL transfer, most of the cases were still in their early stages. None had yet proceeded to formal discovery, including Revolinsky's. The district court asked the parties to submit a proposed case management order. At a status conference, Reese said that in his experience with another MDL proceeding in the Northern District of Illinois, establishing a time and expense protocol at the start of the litigation would promote efficient collaboration among plaintiffs' counsel.

The district court entered Case Management Order No. 4: Plaintiffs' Counsel Time and Expense Protocol. Order No. 4 required every plaintiffs' attorney to obtain Class Counsel's written approval before engaging in compensable work or incurring expenses. The court also limited compensation as follows: "Generally, only time and expense incurred after the Court's February 7, 2022 Order appointing Plaintiffs' Leadership shall be submitted and considered as potential Common Benefit Work." See *In re Cendant Corp. Securities Litig.*, 404 F.3d 173, 191 (3d Cir. 2005) (noting importance of ensuring that non-lead attorneys' compensable work actually benefits class without duplicating work of lead counsel). In a

footnote, the district court added here: "In their discretion, [Class] Counsel may consider time and expense incurred before the Court's February 7, 2022 Order as Common Benefit Work and Common Benefit Expense if the time or expense benefitted the proposed class members in a material and direct way."

Order No. 4 required attorneys to submit monthly time and expense reports to Class Counsel and warned that failure to make timely submissions would be grounds for denying recovery. It also said that Class Counsel "will be responsible for collecting and reviewing monthly common benefit time and expense submissions from MDL Counsel and informing MDL Counsel when their submissions do not comply with the directives set forth in this Order." Revolinsky's attorneys did not object to Order No. 4 or propose any alternative time and expense management order.

Revolinsky's attorneys received notice of Order No. 4 via the electronic case filing system and by email. Reese's email to Nagel Rice, which the firm forwarded to LoPiccolo, referred to the "CMO entered by the Court" and advised: "For this first time and expense report, you should include all time from inception to date through March 31, 2022." Apparently, LoPiccolo did not seek clarification regarding the order to which Reese referred or what Reese meant by "inception." Instead, both the Nagel Rice and Poulos LoPiccolo firms submitted their first time and expense reports on time. The majority of time and expenses sought was for pre-transfer work on the motion before the JPML. Class Counsel did not respond to these submissions to inform the firms that pre-appointment time would not be compensated.

Nagel Rice timely submitted all subsequent reports. Poulos LoPiccolo, on the other hand, did not submit another report until June 2023. Attorney LoPiccolo incorrectly assumed that Class Counsel would request submissions as necessary. When LoPiccolo asked to submit belatedly his firm's time and expenses for August 2022 to April 2023, Liaison Counsel Malmstrom responded: "If you want to send on your hours to myself, [my paralegal] and the three co-leads, they can make a determination as to what hours are eligible for submission to the Court." (Alteration in original). LoPiccolo submitted the report but apparently did not follow up with Malmstrom or Class Counsel.

In December 2023, after negotiations conducted by Class Counsel, the parties reached a nationwide settlement agreement to establish a $15 million fund to compensate plaintiffs and to pay attorney fees and litigation costs. The proposed agreement capped the combined recoverable fees for all plaintiffs' attorneys at 38% of the settlement fund. In January 2024, the court granted preliminary approval of the proposed settlement, set the deadline for the attorney fee application as June 17, 2024, and set the deadline for opt-outs and objections to the settlement and to the fee application as July 22, 2024.

Class Counsel requested just over $4.5 million in fees, calculated based on a lodestar of 6101 hours across all firms, for a mean rate of around $750 per hour. They also sought just over $150,000 in litigation expenses. Neither the motion, the accompanying memorandum of law, nor the supporting declaration set forth the specific fee amount allocated to each firm. Instead, the declaration referred to the monthly time and expense reports submitted to the court *in camera* pursuant to

Order No. 4. Relevant to Revolinksy's appeal here, the memorandum cited Order No. 4 and said in a footnote that it included "only time billed after the formation of the MDL and the appointment of leadership counsel, which was timely submitted to the Court." In other words, the memorandum said Class Counsel were *not* asking for an award covering Nagel Rice's and Poulos LoPiccolo's time and expenses on the case before the MDL transfer. Revolinsky and her attorneys did not object to the fee request.

The district court held the fairness hearing on January 3, 2025, and granted final approval of the settlement on January 6, 2025. The court also granted in full Class Counsel's motion for fees and expenses. Nagel learned on February 13, 2025, however, that Nagel Rice would receive only $6,010 in fees, approximately $130,000 less than he expected, due to the exclusion of pre-MDL time. LoPiccolo learned on February 24, 2025, that Poulos LoPiccolo would receive only $12,320 in fees. On a call with attorney Williams on March 4, 2025, LoPiccolo learned that this figure excluded over $49,000 in pre-MDL time and expenses and over $14,000 for work between August 2022 and April 2023 that was not timely reported to Class Counsel. LoPiccolo asked Williams to reconsider. On March 10, 2025, Williams responded that there would be no adjustment.

Instead of moving for reconsideration or extraordinary relief from the final approval order, Revolinsky and her attorneys filed a separate motion for attorney fees on April 16, 2025, over one month after Williams told LoPiccolo that he would not budge and nearly nine months after the deadline for objections to the fee application. Revolinsky and her attorneys sought compensation for both firms' pre-MDL time

and expenses, as well as Poulos LoPiccolo's untimely reports. The motion was accompanied by declarations from LoPiccolo and Nagel. Nagel called his firm's unexpectedly low award a "shock." On July 25, 2025, the district court denied the motion in a minute order, explaining that, given Order No. 4 and the fee application, "the disallowance of pre-MDL time and expenses should not have come as a surprise." The court also noted that Order No. 4 was "clear on the point" that reports were due monthly. On August 11, 2025, Revolinsky filed a timely notice of appeal from that order.

II. *Appellate Jurisdiction*

The thirty-day statutory deadline to file a notice of appeal in a private civil case is jurisdictional. *Upchurch v. O'Brien*, 111 F.4th 805, 811 (7th Cir. 2024), citing *Bowles v. Russell*, 551 U.S. 205, 214 (2007); 28 U.S.C. § 2107(a). The deadline to appeal the January 6, 2025, order granting final approval of the settlement and granting Class Counsel's application and allocating fees and expenses pursuant to Order No. 4 expired in early February 2025 without extension. See § 2107(c). Under the final approval order, however, the district court "retain[ed] jurisdiction to enforce its orders, as well as the settlement agreement … including the terms relating to the processing of claims and the distribution of all settlement funds." Revolinsky's separate motion relates to the distribution of settlement funds, so the district court had jurisdiction to decide it. And Revolinsky timely appealed the denial of her motion. Accordingly, as we said in an earlier order in this appeal, we have appellate jurisdiction over the district court's denial of Revolinsky's separate application but not over the original order awarding and allocating fees. 28 U.S.C. § 1291. See Dkt. No. 11.

III. *Analysis*

"We review class action fee awards deferentially, for abuse of discretion, recognizing that the district court is closer to the case than we are, and that a reasonable fee will often fall within a broad range." *In re Stericycle Securities Litig.*, 35 F.4th 555, 559 (7th Cir. 2022). Deference is particularly appropriate when it comes to allocations of fees among attorneys that will not affect directly the interests of class members, and to enforcing court-ordered procedures and deadlines relevant to such allocation issues.

To be clear, Revolinksy cannot obtain, and we do not understand her to have sought, an additional fee award *from defendants*. The settlement agreement establishing the common fund released her claims against defendants in full, including any claim to attorney fees and litigation expenses. Rather, Revolinsky writes that she is "simply seeking to have the *allocation* of the fee award submitted to the district court for its review and oversight consistent with its obligations under [Fed. R. Civ. P.] 23(h), and for the district court to consider whether the pre-appointment time and expenses of [Nagel Rice] and [Poulos LoPiccolo] should be awarded where they were incurred for the common benefit of the class." Pl. Reply Br. at 9. In effect, Revolinsky and her attorneys are seeking money from other plaintiffs' attorney fees awarded from the common fund of the settlement.

This request is a problem because the district court has already decided the allocation of the fee award and because, according to Class Counsel, all funds have already been distributed. All the funds, that is, except the amounts due to Nagel Rice and Poulos LoPiccolo, which are sitting in escrow and may be claimed by the firms at any time.

After conducting the fairness hearing and reviewing the time and expense reports submitted *in camera*, the district court found Class Counsel's application to be "fair, reasonable, and in keeping with this Circuit's precedent." Accordingly, it awarded the full amount Class Counsel requested for fees and expenses and "vest[ed] Class Counsel with the authority to distribute those fees [and expenses] to other Plaintiffs' counsel based upon their best judgment and in keeping with the Time and Expense Protocol that has governed the submission of time and expenses in this Litigation." Given the limits of the fee request, the court effectively approved rejection of the pre-MDL time and expenses that Revolinsky and her lawyers seek in this appeal.

The time to object to this allocation had passed long before Revolinsky filed her separate motion in April 2025. As the district court noted, Order No. 4 made clear that time and expense reports were due monthly and that pre-MDL time and expenses would not be compensable except at the discretion of Class Counsel. Class Counsel's fee application also disclosed that it included only time and expenses "timely submitted to the Court" and that no attorney or firm would receive pre-appointment time or expense. The court's deadline for opt-outs or objections to the fee award came and went, and Revolinksy did not raise these issues at the fairness hearing.

The district court acted well within its discretion by rejecting Revolinsky's application. Her attorneys sought compensation for pre-MDL time excluded from the fee request and award, and they sought post-MDL time that was not submitted to Class Counsel under the terms of Order No. 4. The right time to object would have been when Class

Counsel submitted a fee request that did not include pre-MDL time for any attorneys. And of course, if Revolinsky and her lawyers were to prevail here, prejudice to the other plaintiffs' attorneys would be a mathematical certainty. With a fixed sum set aside by the settlement in full satisfaction of all claims for attorney fees and litigation expenses, some firms must receive less for any firm to receive more. The district court's approval of Class Counsel's plan not to approve any pre-MDL time and expense for any attorneys—in line with the default assumption reflected in the case management order under which attorneys had been working for two years—was not an abuse of discretion.

To be sure, Revolinsky identifies some legitimate concerns with the fee award. If she had timely objected, the district court might have found it unwise, or this court might have found it reversible error, to delegate to Class Counsel final and sole discretion to determine whether pre-appointment time was for the common benefit of the class, especially given the past disputes over centralization and leadership appointment. See *In re High Sulfur Content Gasoline Products Liability Litig.*, 517 F.3d 220, 227, 229 (5th Cir. 2008) (vacating allocation of fee award where court "abdicated its responsibility" and "rubber-stamped" fee committee's recommendation); *In re TikTok, Inc., Consumer Privacy Litig.*, 617 F. Supp. 3d 904, 943–44 (N.D. Ill. 2022) (Lee, J.) ("[A] blanket delegation to lead counsel is inappropriate where the attorneys for the class disagree among themselves about fees."). Further, the district court did not specifically set forth the allocation of the fee award in its final approval order, an omission that kept out of the record the amount each firm received and thereby hindered the public's ability to know the details of what happens in its courts. See *In re Specht*, 622 F.3d

697, 701 (7th Cir. 2010) ("Documents that affect the disposition of federal litigation are presumptively open to public view …."); *High Sulfur Content Gasoline*, 517 F.3d at 229 (noting sealing of exhibits and gag order concerning fee awards "kept the public in the dark").

The law is well-established that in a class action, the district court must scrutinize a proposed fee award to determine that it is reasonable and must act as a fiduciary by considering carefully the interests of the class, even when no one objects. Fed. R. Civ. P. 23(e)(2), (h); see *Pearson v. Target Corp.*, 968 F.3d 827, 838 (7th Cir. 2020); *Eubank v. Pella Corp.*, 753 F.3d 718, 720 (7th Cir. 2014). Here, the court fulfilled its obligations in finding reasonable the total amount of the settlement fund, its allocation among the class members, and the amount of fees claimed from the settlement fund by the attorneys. All counsel had an opportunity to object to the ground rules for fee allocations, and the court scrutinized the time and expense reports.

The court's fiduciary duty to the class, and therefore its obligation to consider the interests of the class from every angle even without an objection, does not extend to the class's lawyers. They are sophisticated professionals responsible for securing payment for their services. To be sure, the court has the authority under Rule 23 and has always had the equitable authority to reject a proposed fee allocation of a common fund even where all attorneys have affirmatively agreed. See *In re Synthroid Marketing Litig.*, 325 F.3d 974, 977 (7th Cir. 2003) ("At all events, until a contract is signed—and, in class litigation, approved by the court under [Rule 23(e)]—no one is bound by any of the proposed terms."); *Allapattah Services, Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1224–27 (S.D. Fla. 2006)

(collecting cases). Even late objections may well be acceptable if there was no adequate opportunity to be heard. *Redman v. RadioShack Corp.*, 768 F.3d 622, 637–38 (7th Cir. 2014) (reversing approval of settlement; "no excuse for permitting so irregular, indeed unlawful" procedure where objection deadline expired before fee petition was even filed); *High Sulfur Content Gasoline*, 517 F.3d at 232 (ex parte hearing and gag order made procedure "inherently flawed"). That said, attorneys need not be allowed to "play the game and see the result" before deciding whether to act. Compare *In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1203 n.49 (10th Cir. 2023) (noting wait-and-see tactics "undercut[] the orderly and efficient judicial process that objection opportunities are designed to ensure").

By doubting a court's power to delegate final control over allocation to class counsel, we do not intend to interfere with the "tried and true 'trust but verify' approach allowing counsel to take the first crack at a fee allocation subject to court review later on." *In re East Palestine Train Derailment*, 160 F.4th 751, 760 (6th Cir. 2025) (citation omitted); see also *TikTok*, 617 F. Supp. 3d at 943 ("Such delegation is common when all the attorneys agree about how the fees should be distributed."), citing first *In re Life Time Fitness, Inc., Telephone Consumer Protection Act (TCPA) Litig.*, 847 F.3d 619, 623–24 (8th Cir. 2017), and then *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 533 n.15 (3d Cir. 2004).

We recognize that courts are reluctant to get involved in fee allocation disputes. "*Ideally*, allocation of the fee award is a private matter to be handled among class counsel." *Spicer v. Chicago Board Options Exchange, Inc.*, 844 F. Supp. 1226, 1256 (N.D. Ill. 1993) (emphasis added). That statement does not

suggest the court could have no role in case of disagreement. The court must be able to invite objections and to resolve disputes, or at least to refer them to a special master or magistrate judge. Fed. R. Civ. P. 23(h)(2), (4). The court should also place the allocation into the record. In this case, however, the unhappy lawyers failed to comply with the court's orders setting procedures and deadline for seeking fees and expenses. Class Counsel gave ample warning that they were not seeking an award for any lawyer's pre-MDL time. We therefore need not reach a final determination on the extent of the judge's duty to resolve disputes among plaintiffs' counsel.

Our decision here is narrow. The fairness to the class of Class Counsel's application is unchallenged. The allocation was supported by the monthly reports submitted to and scrutinized by the court, and it was consistent with what anyone who read the applicable case management order or the fee application could have expected.

AFFIRMED.